FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

2023 JUN 20  PM 1:09

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

JARRETT TURNER CHAPPELEAR,

Defendant.

8:22CR5

PLEA AGREEMENT

IT IS HEREBY AGREED between the plaintiff, United States of America, through its counsel, Steven A Russell, United States Attorney and Martin J. Conboy, IV, Assistant United States Attorney, and defendant, Jarrett Turner Chappelear, and Thomas J. Monaghan, counsel for defendant, as follows:

**I**

**THE PLEA**

A.    CHARGE(S) & FORFEITURE ALLEGATION(S).

Defendant agrees to waive Indictment and plead guilty to an Information.   Count I charges a violation of Title 21, United States Code, Section 841 (a)(1) & (b)(1).   Count II charges a violation of Title 18, United States Code, Section 924(c)(1 )(A.

B.    In exchange for the defendant's plea of guilty as indicated above, the United States agrees as follows:

1.   The United States agrees that the defendant will not be federally prosecuted in the District of Nebraska for any drug trafficking or firearm crimes as disclosed by the discovery material delivered to the defendant's attorney as of the date this agreement is signed by all parties, other than as set forth in paragraph A, above.   This agreement not to prosecute the defendant for specific crimes does not prevent any prosecuting authority from prosecuting the defendant for any other crime, or for any crime involving physical injury or death.

2.   THE UNITED STATES AGREES TO DISMISS THE INDICTMENT AT THE TIME OF SENTENCING.   CC 6/20/23

TJM 6/20/23

JTC 6/20/23

1

## II
## NATURE OF THE OFFENSE

A.    ELEMENTS EXPLAINED.

Defendant understands that the offense to which defendant is pleading guilty has the following elements:

COUNT I.

1.    Defendant intentionally transferred methamphetamine to another person; and

2.    At the time of the transfer the defendant knew it was methamphetamine or some other prohibited drug.

COUNT II.

1.    Defendant committed the elements of a drug trafficking crime prosecutable in Federal Court;

2.    Defendant knowingly used, carried or possessed a firearm;

3.    The use or carrying of the firearm was during and in relation to, or the possession of the firearm was in furtherance of, a drug trafficking crime.

B.    ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS.

Defendant has fully discussed the facts of this case with defense counsel.   Defendant has committed each of the elements of the crime and admits that there is a factual basis for this guilty plea.   The following facts are true and undisputed.

On October 29, 2021, NSP Norfolk made arrangements utilizing a CI to purchase three pounds of methamphetamine from Chappelear.   Chappelear arrived at the meet location and delivered the methamphetamine.   Chappelear was stopped shortly after the deal and was in possession of a firearm and two clips of ammunition.   Two pounds of methamphetamine were tested at 830 grams actual.

## III
## PENALTIES

A.    COUNT I.   Defendant understands that the crime to which defendant is pleading guilty carries the following penalties:

1.    A maximum of 40 years in prison; and a mandatory minimum of 5 years;

2.    A maximum $5,000,000 fine;

3.    A mandatory special assessment of $100 per count; and

2

4.     A term of supervised release of at least 4 years with a maximum of life. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison all or part of the term of supervised release.

5.     Possible ineligibility for certain Federal benefits.

B.     COUNT II.

1.     A maximum life in prison; and a mandatory minimum of 5 years;

2.     A maximum $250,000 fine;

3.     A mandatory special assessment of $100 per count; and

4.     A term of supervised release of not more than 5 years. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison all or part of the term of supervised release.

5.     Possible ineligibility for certain Federal benefits.

## IV

## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE
## DISTRICT OF NEBRASKA

This plea agreement is limited to the United States Attorney's Office for the District of Nebraska, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

## V

## SENTENCING ISSUES

A.     <u>SENTENCING AGREEMENTS.</u>

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agree the defendant shall receive a sentence of 150 to 195 months.   This negotiated agreement resolves all issues related to the case and is the appropriate disposition.

1. The parties agree that the defendant should be held responsible, beyond a reasonable doubt, for a converted drug of at least weight 10,000kg, but not more than 30,000kg.

B.     <u>"FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION.</u>

The parties agree that the facts in the "factual basis" paragraph of this agreement, if any,

are true, and may be considered as "relevant conduct" under U.S.S.G. § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

The parties agree that all information known by the office of United States Pretrial Service may be used by the Probation Office in submitting its presentence report and may be disclosed to the court for purposes of sentencing.

## VI

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

The defendant hereby knowingly and expressly waives any and all rights to appeal the defendant's conviction and sentence, including any restitution order in this case, and including a waiver of all motions, defenses, and objections which the defendant could assert to the charges or to the Court's entry of Judgment against the defendant, and including review pursuant to 18 U.S.C. § 3742 of any sentence imposed, except:

(a) As provided in Section I above, (if this is a conditional guilty plea); and

(b) A claim of ineffective assistance of counsel.

The defendant further knowingly and expressly waives any and all rights to contest the defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255, except:

(a)   The right to timely challenge the defendant's conviction and the sentence of the Court should the Eighth Circuit Court of Appeals or the United States Supreme Court later find that the charge to which the defendant is agreeing to plead guilty fails to state a crime.

(b)   The right to seek post-conviction relief based on ineffective assistance of counsel.

If defendant breaches this plea agreement, at any time, in any way, including, but not limited to, appealing or collaterally attacking the conviction or sentence, the United States may prosecute defendant for any counts, including those with mandatory minimum sentences, dismissed or not charged pursuant to this plea agreement.   Additionally, the United States may use any factual admissions made by defendant pursuant to this plea agreement in any such prosecution.

4

## VII

## BREACH OF AGREEMENT

Should it be concluded by the United States that the defendant has committed a crime subsequent to signing the plea agreement, or otherwise violated this plea agreement, the defendant shall then be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.   Any such prosecution(s) may be premised upon any information, statement, or testimony provided by the defendant.

In the event the defendant commits a crime or otherwise violates any term or condition of this plea agreement, the defendant shall not, because of such violation of this agreement, be allowed to withdraw the defendant's plea of guilty, and the United States will be relieved of any obligation it otherwise has under this agreement and may withdraw any motions for dismissal of charges or for sentence relief it had already filed.

## VIII

## SCOPE OF AGREEMENT

A.   This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral.

B.   By signing this agreement, the defendant agrees that the time between the date the defendant signs this agreement and the date of the guilty plea will be excluded under the Speedy Trial Act.   The defendant stipulates that such period of delay is necessary in order for the defendant to have opportunity to enter the anticipated plea of guilty, and that the ends of justice served by such period of delay outweigh the best interest of the defendant and the public in a speedy trial.

C.   The United States may use against the defendant any disclosure(s) the defendant has made pursuant to this agreement in any civil proceeding.   Nothing contained in this agreement shall in any manner limit the defendant's civil liability which may otherwise be found to exist, or in any manner limit or prevent the United States from pursuing any applicable civil remedy, including but not limited to remedies regarding asset forfeiture and/or taxation.

D.   Pursuant to 18 U.S.C. § 3013, the defendant will pay to the Clerk of the District Court the mandatory special assessment of $100 for each felony count to which the defendant pleads guilty.   The defendant will make this payment at or before the time of sentencing.

5

E.   By signing this agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d).   The defendant may only withdraw the guilty plea in the event the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5).   Furthermore, defendant understands that if the court rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

F.   This agreement may be withdrawn by the United States at any time prior to its being signed by all parties.

## IX

## MODIFICATION OF AGREEMENT MUST BE IN WRITING

No promises, agreements or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties.

## X

## DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, defendant certifies that defendant read it (or that it has been read to defendant in defendant's native language).   Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

UNITED STATES OF AMERICA
STEVEN A. RUSSELL
United States Attorney

6/20/23
_____
Date

_____
MARTIN J. CONBOY, IV
ASSISTANT U.S. ATTORNEY

4-6-23
_____
Date

_____
JARRETT TURNER CHAPPELEAR
DEFENDANT

6

April 6, 2023

Date

THOMAS J. MONAGHAN
COUNSEL FOR DEFENDANT